ANNA G. STAPLES, Executrix, *vs.* ELIZABETH B. NEWTON, *et al.*

NOVEMBER 26, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. Charles A. Staples deceased October 15, 1922, leaving a widow, Anna G. Staples, and three daughters by a former wife, Elizabeth B. Newton, Sarah C. Crosby and Anna A. Woolley. At the time of his decease he was the owner of five houses on Wellington Avenue in the city of Cranston, and a small amount of personal property. He left a will in which, after providing for the payment of his just debts and funeral expenses, and for a monument to be erected at his place of burial, he gave, devised and bequeathed all the rest, residue and remainder of his estate, real, personal and mixed, to his wife, Anna G. Staples, for and during the term of her natural life, or so long as she remained his widow. On the death, or marriage, of his wife said residue and remainder of his estate is given, devised and bequeathed to his three daughters. By his said will he also nominated and appointed his said wife, Anna G. Staples, sole executrix thereof.

The personal estate left by Charles A. Staples consisted of $367.50 in cash and household furniture valued at $300. The debts due amounted to $984.84. Necessary payments on account of, and claims against, the estate now bring the indebtedness up to $1,846.50, exclusive of counsel fees and any compensation to the executrix.

Under these conditions Anna G. Staples, as executrix, petitioned the Probate Court of the city of Cranston for leave to sell certain of the real estaté for the purpose of paying the debts of the deceased, the expenses of his funeral, the settling of his estate, etc. The said petition was heard by said Probate Court and denied and dismissed, whereupon an appeal was taken to the Superior Court.

The case was tried in the Superior Court before a justice thereof sitting with a jury. Upon the conclusion of the testimony offered by the appellant, the appellees, without introducing testimony, moved for the direction of a verdict. This motion was denied and an exception to such denial was taken. The appellant then moved for the direction of a verdict. That motion was granted and a decree was entered accordingly for the sale of lot No. 24 upon that plat of land entitled "Map of land in Cranston belonging to Harriet E. Streeter recorded in said city of Cranston in Book of Plats, No. 4A at page No. 36."

The tract of land, with the building and improvements thereon, thus decreed to be sold by the Superior Court, is one of the five parcels before referred to and the only one which is unencumbered.

The case is now before us upon the exceptions of the appellees (1) to the ruling of the Superior Court denying their motion for the direction of a verdict. (2) To the ruling of the Superior Court granting the motion of the appellant for the direction of a verdict. The other exceptions of the appellees do not seem to be material to our present consideration.

The appellees argue in their brief that it is the policy of the law not to permit the sale of lands of a decedent, for any

purpose, when other funds are available or sufficient, and further that the sale of lands, which have descended to heirs or devisees, should not be permitted where the rents and profits thereof will satisfy, within a reasonable time, the debts which the personal property immediately available is insufficient to pay. We have no adverse criticism to make upon this argument, but we do not think that under the circumstances of the present case, it is convincing.

Without going into a detailed summary of the testimony it is clear that if the widow as executrix should be compelled to pay the debts of her deceased husband and provide for the upkeep of the estate, including the payment of interest on the mortgage, out of the rents received, she would, for several years at least, have little if anything for her own support. It was evidently the intention of the testator, to promote so far as his estate would permit, the comfort and support of his wife. We do not think that the arrangement, which the testator intended as a blessing, should be transformed into a grevious burden.

We think under the circumstances of this case that the executrix should be permitted to make a sale of the property in question for the purposes for which she requests it.

The exceptions of the appellees are overruled. The case is remitted to the Superior Court with direction to hear the parties as to the form of decree; to enter such decree as may properly follow the verdict, and for such further proceedings, if any, as may be required, not inconsistent with this opinion.

*Benjamin W. Grim,* for appellants.
*Curtis, Matteson, Boss & Letts,* for appellees.